## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 22-11694-BFK** |
| **KTS SOLUTIONS, INC.** | ) | **Chapter 11** |
| | ) | **Subchapter V** |
| Debtor. | ) | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND
### ORDER UNDER 11 U.S.C. §§ 1129(a) AND 1191(b) AND FED. R. BANKR. P. 3020
### CONFIRMING THE DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF
### REORGANIZATION DATED MARCH 21, 2023

WHEREAS KTS Solutions, Inc., the debtor and debtor in possession herein, (the "Debtor"), has proposed and filed with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria Division (the "Court") the Debtor's First Amended Plan of Reorganization Dated March 21, 2023 [Docket No. 153] (the "Plan"[1]); and

WHEREAS, on March 18, 2023, this Court entered an order directing the distribution of the Plan (the "Plan Distribution Order," Docket No. 148) which scheduled a hearing on confirmation of the Plan for May 25, 2023, at 9:30 a.m. (the "Confirmation Hearing") and directed the Debtor to distribute the Plan, the Plan Distribution Order, and a ballot conforming to the Official Form to all creditors and parties in interest, and

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

---

Justin P. Fasano (VSB #75983)
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
jfasano@mhlawyers.com
*Counsel to the Debtor*

WHEREAS due notice of the Confirmation Hearing has been given to Holders of Claims against the Debtor and other parties in interest in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), by the mailing of the Plan and Plan Distribution Order as set forth in the Certificate of Service dated March 21, 2023 [Docket No. 155] (the "Hearing Notice Certificate"); and

WHEREAS such notice is sufficient under the circumstances and no further notice is required; and

WHEREAS ballots for voting on the Plan (the "Ballots") have been duly transmitted to the Holders of Impaired Claims in compliance with title 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and the Plan Distribution Order; and

WHEREAS, the Debtor and Orange Grove Fleet Solutions, L.L.C. ("Orange Grove") have reached an agreement in compromise of the amount that Orange Grove claims is necessary for the cure of its unexpired leases of motor vehicles to the Debtor, which the Debtor intends to assume pursuant to the terms of the Plan; and

WHEREAS, the Debtor and Enterprise FM Trust & Enterprise Fleet Management, Inc. (collectively "Enterprise") have reached an agreement in compromise of the amount that Enterprise claims is necessary for the cure of its asserted unexpired leases of motor vehicles to the Debtor, which the Debtor intends to assume pursuant to the terms of the Plan.

NOW, THEREFORE, based upon the Court's consideration of the entire record of this Chapter 11 Case, including (A) the Plan, (B) the Hearing Notice Certificate, and (C) the evidence presented at the Confirmation Hearing; and the Court having found the Plan should be confirmed as reflected by the Court's rulings made herein and at the Confirmation Hearing; and after due

2

deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

<u>General Findings</u>

A.      <u>Findings and Conclusions</u>.  The findings and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. The Court has jurisdiction over the Debtor's Chapter 11 Case pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto.  The Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Debtor is the plan proponent in accordance with section 1121(a) of the Bankruptcy Code.

<u>Findings Regarding the Plan</u>

C.      <u>Classification of Claims and Interests</u>.  The Plan properly classifies Claims and Interests, and complies with the requirements of Section 1122 of the Bankruptcy Code.

D.      <u>Contents of Plan</u>.  The Plan satisfies all applicable requirements of Section 1123 of the Bankruptcy Code.

3

E.      Plan's Compliance with the Bankruptcy Code.  The Plan complies with the applicable provisions of the Bankruptcy Code, thus satisfying the requirements of Section 1129(a)(1) of the Bankruptcy Code.

F.      Proponent's Compliance with the Bankruptcy Code.  The Debtor has complied with all applicable provisions of the Bankruptcy Code, thus satisfying the requirements of Section 1129(a)(2) of the Bankruptcy Code.

G.      Good Faith.  The Plan has been proposed in good faith, and not by any means forbidden by law, thus satisfying the requirements of Section 1129(a)(3) of the Bankruptcy Code.  The Debtor is entitled to a presumption of good faith pursuant to Bankruptcy Rule 3020(b)(2).

H.      Payment for Services or Costs and Expenses.  Any payment made or to be made by the Debtor for services or for costs and expenses of the Debtor's professionals in connection with this Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case, through the Effective Date, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying the requirements of Section 1129(a)(4) of the Bankruptcy Code.

I.      Directors and Officers.  The Plan provides for Kelvin Smith to act as president and chief executive officer of the Debtor under the Plan and sets forth his and his relatives' compensation at pre-petition based levels, thereby satisfying the requirements of Section 1129(a)(5) of the Bankruptcy Code.

J.      No Rate Changes.  After confirmation of the Plan, the Debtor's business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission.  Section 1129(a)(6) of the Bankruptcy Code is inapplicable.

K.     <u>Best Interests</u>.  Each Holder of an impaired Claim or Interest either has

accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest,

property of a value, as of the Effective Date, that is not less than the amount that such Holder

would receive or retain if the Debtor's estate were liquidated under chapter 7 of the Bankruptcy

Code on such date.  The Plan satisfies the requirements of Section 1129(a)(7) of the Bankruptcy

Code.

L.     <u>Treatment of Administrative Expense Claims and Priority Tax Claims and</u>

<u>Priority Claims</u>.  The treatment of Allowed Administrative Expense Claims, Priority Claims, and

Priority Tax Claims under the Plan satisfies the requirements of Section 1129(a)(9) of the

Bankruptcy Code.  For the avoidance of doubt, and as a compromise of Orange Grove's cure

claim, the Debtor and Orange Grove have stipulated and agreed, and the Court hereby finds and

concludes, that Orange Grove's cure claim is equal to $329,000.00, to be paid pursuant to further

provisions of this Order.  For the avoidance of doubt, the administrative claim of HRC Mast

One, LLC is $5,201.84.  For the avoidance of doubt, the administrative claim of 3800 Deep

Water Terminal, LLC is $1,800.00.

M.     <u>Impaired Accepting Class</u>.  At least one Class of Claims that is impaired

under the Plan has accepted the Plan.  The Plan satisfies the requirements of Section 1129(a)(10)

of the Bankruptcy Code.

N.     <u>Feasibility</u>.  The Plan proposes a feasible plan of reorganization.  Section

1129(a)(11) of the Bankruptcy Code is satisfied.

O.     <u>Payment of Fees</u>.  This is a SubChapter V case and no fees are payable

pursuant to section 1930 of title 28 of the United States Code.  Section 1129(a)(12) of the

Bankruptcy Code is inapplicable.

P. <u>Continuation of Retiree Benefits</u>. The Debtor did not and does not provide "retiree benefits" as that term is defined by Section 1114 of the Bankruptcy Code. Section 1129(a)(13) of the Bankruptcy Code is inapplicable.

Q. <u>No Domestic Support Obligations</u>. The Debtor is not an individual. Section 1129(a)(14) of the Bankruptcy Code is inapplicable.

R. <u>Post-petition wages</u>. The Debtor is not an individual and this is a SubChapter V case. Section 1129(a)(15) of the Bankruptcy Code is inapplicable.

S. <u>No Applicable Nonbankruptcy Law Regarding Transfers.</u> The Debtor is a for-profit entity. Section 1129(a)(16) of the Bankruptcy Code is inapplicable.

T. <u>Secured Claims.</u> The Plan provides that Action Capital Corporation and the United States Small Business Administrations shall retain their liens to the extent of the value of their respective collateral and receive cash payments of a value of at least the value of their respective collateral. Section 1191(c)(1) is satisfied.

U. <u>Projected Disposable Income.</u> The Plan provides for all of the Debtor's projected disposable income to be paid over a period of three years. By agreement, the Debtor has agreed to extend the payment period to a five-year term so that there will be 20 quarterly payments (as defined by the Plan). Section 1191(c)(2) is satisfied.

V. <u>Remedies</u>. There is a reasonable likelihood that the Debtor will be able to make all of the payments due under the Plan and section 7.04 of the Plan provides for appropriate remedies if the Debtor defaults. Section 1191(c)(3) is satisfied.

W. <u>Plan Modifications</u>. The Plan (including all modifications thereof, and any modifications set forth in this Order) is dated and identifies the entities submitting it, thereby satisfying Bankruptcy Rule 3016(a). Any modifications to the Plan, as set forth herein, are not

materially adverse modifications and are permissible under Bankruptcy Code section 1193. Specifically, the Plan, including the modifications, complies with Bankruptcy Code sections 1122 and 1123. Any modifications to the Plan do not adversely change the treatment of the Claim of any Creditor and would not cause any Creditor to reconsider its acceptance of the Plan. Notwithstanding any modifications to the Plan, the Plan contains adequate information concerning the Plan sufficient to allow a reasonable, hypothetical creditor to make an informed judgment regarding the Plan.

X.    Voting.  Votes to accept the Plan were solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules"), and applicable non-bankruptcy law.

Y.    Solicitation.  The Plan, the Ballots, and the Plan Distribution Order, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Plan Distribution Order.  The transmittal and service of the Plan, the Ballots, and the Plan Distribution Order, (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances.  The Solicitation of votes on the Plan complied with the Plan Distribution Order, was appropriate and satisfactory based upon the circumstances of this Chapter 11 Case, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations.

Z.    Notice.  The disclosures in the Plan and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Confirmation Hearing (including the deadline for filing and serving objections to confirmation of the Plan)

have been given due, proper, timely, and adequate notice in accordance with the Plan

Distribution Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and applicable non-bankruptcy law, and such parties have had an opportunity to

appear and be heard with respect thereto.  No other or further notice is required.  The Debtor has

complied with the applicable provisions of the Bankruptcy Code, including section 1126(b), the

Bankruptcy Rules, the Local Rules, applicable non-bankruptcy law, the Plan Distribution Order,

and all other applicable law, in transmitting the Plan, the Ballots, and related documents and

notices and in soliciting and tabulating the votes on the Plan.

       AA.   <u>Conclusion</u>.  Based on the foregoing, the Plan satisfies the requirements

for confirmation set forth in section 1191(b) of the Bankruptcy Code.

       **NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**

**THAT:**

    1.   <u>Findings of Fact and Conclusions of Law</u>.  The above-referenced findings of fact

and conclusions of law are hereby incorporated by reference as though fully set forth herein.

    2.   <u>Confirmation of the Plan</u>.  The Plan and each of its provisions shall be, and

hereby are, approved and confirmed under section 1191(b) of the Bankruptcy Code, subject only

to such modifications as are set forth in this Order.  The terms of the Plan are incorporated by

reference into, and are an integral part of, this Confirmation Order.

    3.   <u>Binding Effect</u>.  On the date of and following entry of this Confirmation Order

and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the

Debtor, all Holders of Claims and Interests (irrespective of whether such Claims or Interests are

impaired under the Plan or whether the Holders of such Claims or Interests have accepted the

Plan), any and all non-Debtor parties to executory contracts and unexpired leases with the

Debtor, any other party in interest in these Chapter 11 Case, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

4.      <u>Vesting of Assets</u>.  Except as otherwise provided in the Plan, as of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), all Assets shall vest in the Debtor free and clear of all Claims, liens, encumbrances, charges, and other interests, except as otherwise expressly provided or preserved in the Plan or this Confirmation Order, and subject to the terms and conditions of the Plan and this Confirmation Order.

5.      <u>Implementation of the Plan</u>.  The Debtor shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including all such actions delineated in Section V of the Plan.  To the extent that it prevents implementation of any such action described above, the automatic stay is hereby modified to allow such action.

6.      <u>Compromise of Controversies</u>.  In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan. Consideration for all such compromises, settlements and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises and settlements under Bankruptcy Rule 9019, subject to the provisions of the Plan.

7.      <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.  Pursuant to Section VI of the Plan, except as otherwise provided in any contract, instrument, release, indenture, the Plan, or other agreement or document entered into in connection with the Plan, as of the Effective Date, all executory contracts and unexpired leases to which the Debtor is a party,

and which have not been previously assumed and assigned, or previously rejected, are hereby

rejected as of the Effective Date, but expressly excepting those listed on **Exhibit A** to this

Confirmation Order, which are hereby deemed assumed without the necessity of making any

cure payment, unless otherwise stated.  For the avoidance of doubt, and pursuant to the

agreement between the Debtor and Orange Grove, Orange Grove's cure claim is hereby

determined to be $329,000.00, and the Plan is hereby modified to provide for payment of Orange

Grove's cure claim in three (3) equal installments of $109,666.67, the first of which shall be due

and payable on or before July 9, 2023, and the remainder of which shall be due and payable on

or before August 9, 2023, and September 9, 2023, respectively.

8.    Enterprise:  With respect to Enterprise, KTS will acquire all vehicles from

Enterprise.  In return, KTS will make the following payments (collectively, the "Enterprise

Payment") to Enterprise through the Closing Date: (1) all amounts that it owes Enterprise

pursuant to its Equity Lease Agreement with Enterprise and accompanying documents (which,

through the end of April 2023 is agreed and found to be $160,698.78), (2) plus $400 per vehicle,

(3) less the amount KTS has deposited with Enterprise in the amount of $26,000, (4) plus a

deposit of $5,000 (the "Delayed Payment Deposit") on the earlier of (a) 90 days after the

Effective Date of the Plan, and (b) September 30, 2023 (the earlier of (a) and (b) being the

"Closing Date").  Upon receipt of all payments due on the Closing Date, Enterprise will transfer

title to all vehicles that KTS currently leases from Enterprise pursuant to its Equity Lease

Agreement with Enterprise.  Enterprise shall be authorized to use the Delayed Payment Deposit

to pay all expenses which are billed to Enterprise after the date of the Enterprise Payment (such

as tolls) but for which KTS is liable.  Enterprise shall return any unused portion of the Delayed

Payment Deposit to KTS no later than December 31, 2023.

9.    <u>Injunction</u>.

**Unless otherwise provided herein or the Confirmation Order, all injunctions or stays provided for in the Case pursuant to sections 105, 362 or 525 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, will remain in full force and effect until the Effective Date.**

**As of the Effective Date, all Persons that have held, hold, or may hold Claims (including, but not limited to, Administrative Expense Claims) will be enjoined, from and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of any such Claim, Administrative Expense Claim against the Trustee, the Debtor, and their Professionals, successors and assigns (the "<u>Estate Parties</u>"), including, but not limited to, any Claims, Administrative Expense Claims based upon any act or omission, transaction, or other activity of any kind, type or nature that occurred in connection with the Case prior to the Confirmation Date; (ii) the enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Estate Parties arising from any matter related to the Case; (iii) creating, perfecting, or enforcing any encumbrance of any kind against the Estate Parties or against the property, or interests in property, of the Estate Parties with respect to any such Claims (including, but not limited to, Administrative Expense Claims); and (iv) asserting any defense or right of setoff, subrogation, or recoupment of any kind against any obligation due from the Estate Parties or against the property, or interests in property, of the Estate Parties with respect to any such Claim (including, but not limited to, Administrative Expense Claims) until entry of the Discharge, (as described below), except said injunction against commencing or continuing in any manner any action or other**

11

**proceeding of any kind on account of any Claim, Administrative Expense Claim as to Estate Parties based on any act or omission, transaction, or other activity of any kind, type or nature that occurred in connection with the Case prior to the Confirmation Date, shall continue after discharge, and as to any Non-Dischargeable Claim, shall continue so long as the Debtor is making payment to the holder of the Non-Dischargeable Claim during the extended period provided by the Plan.**

**Upon completion of the Quarterly Payments, pursuant to 11 U.S.C. § 1191(a), the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the fullest extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.**

10.     Releases.  Any Entity that is entitled to receive any distribution under the Plan, or whose Lien is not preserved pursuant to the Plan, shall execute and deliver such documents and instruments as are necessary to release or modify of record any Lien, to the extent such Lien is not preserved pursuant to the Plan.

11.     Reversal/Stay/Modification/Vacatur of Confirmation Order.  Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtor, as applicable, pursuant to the Plan and this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur.  Notwithstanding any such

12

reversal, stay, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, this Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

12.     Retention of Jurisdiction.  Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Section VIII of the Plan and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain jurisdiction over all matters arising in, arising under, and related to this Chapter 11 Case to the fullest extent allowed by law.

13.     Exemption from Certain Taxes.  Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Plan shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

14.     Modifications.  The Plan may be amended, modified, or supplemented by the Debtor in the manner provided for by section 1193 of the Bankruptcy Code or as otherwise permitted by the Plan, and this Confirmation Order.  In addition, after the Plan Confirmation Date, the Debtor may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan.  Further, prior to the Effective Date, the Debtor may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Court.

15.     Governing Law.  Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan provides otherwise, the rights, duties, and

13

obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the Commonwealth of Virginia, without giving effect to the principles of conflict of laws thereof.

16.     <u>Inconsistency</u>.  To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

17.     <u>No Waiver</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

18.     <u>Apex.</u> The Debtor shall pay Apex Funding Source ("<u>Apex</u>"), from money that would otherwise be due and payable to Kelvin Smith in the form of salary, bonuses, or any other form of compensation from the Debtor, $1,250.00 per month for sixty months (the "<u>Apex Payments</u>") beginning on the date of payment of Kelvin Smith's first paycheck due in each month after confirmation of the Plan, the first date of which will be June 10, 2023.  The Apex Payments, when completed, will be in full satisfaction of Kelvin Smith's personal guaranty of any of the Debtor's debts to Apex.  The Apex Payments shall be in addition to the pro-rata payments to which Apex is entitled as an unsecured creditor under the Plan.  These Apex Payments shall be deemed an assignment of the first $1,250.00 of Kelvin Smith's monthly income to Apex for sixty months.   In the event that Kelvin Smith's obligations to pay his personal guaranty is terminated, the Debtor shall reduce Kelvin Smith's salary by $1,250 per month and pay the Apex Payments directly to Apex.  The failure to make any of the Apex Payments when due shall be deemed a default under the Plan unless Kelvin Smith is no longer receiving an income from the Debtor.

19.   <u>Avoidance Actions</u>.  The Debtor waives any and all claim(s) against Moneywell
Grp and/or Spark Funding, LLC d/b/a Fundamental Capital under sections 544, 547, 548, and
550 of the Bankruptcy Code.

Dated:   May 30 2023

/s/ Brian F Kenney
_____
United States Bankruptcy Judge

Entered on the docket  May 31, 2023

I ASK FOR THIS:

By:     /s/ Justin P. Fasano
McNamee Hosea, P.A.
Justin P. Fasano, Esquire (VSB 75983)
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Phone: 301-441-2420
jfasano@mhlawyers.com

Counsel for KTS Solutions, Inc.

**SEEN AND NO OBJECTION**

/s/ Lawrence A. Katz
Lawrence A. Katz
Hirschler
1676 International Drive, Suite 1350
Tysons, VA 22102-4940
D: 703.584.8362
P: 703.584.8900 | F: 703.584.8901
lkatz@hirschlerlaw.com

/s/ *Jack I. Frankel*
Jack I. Frankel, Esq.
Office of The United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

15

## <u>LOCAL BANKRUPTCY RULE 9022-1(C) CERTIFICATION</u>

Pursuant to LBR 9022-1, I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ Justin P. Fasano
Justin P. Fasano


PARTIES TO RECEIVE COPIES:


Office of the United States Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

# EXHIBIT A

## CONTRACTS ASSUMED

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-11694-BFK |
| | ) | (Chapter 11) |
| KTS SOLUTIONS, INC. | ) | |
| | ) | SubChapter V |
| Debtor. | ) | |
| | ) | |

## EXHIBIT I– CONTRACTS TO BE ASSUMED

| Contract Counterparty | Description | Cure payment |
|---|---|---|
| **8888 San Diego LLC**<br>**PO Box 7930**<br>**Beverly Hills, CA 90212** | **Lease for 8888 Miramar Road, Suite 2, San Diego, California 92126** | **$8,160.00** |
| **Adobe, Inc.**<br>**345 Park Ave**<br>**San Jose, CA 95110** | **Adobe Pro licenses** | **$0.00** |
| **A&T Transportation Services**<br>**317 Michael Selby**<br>**Hampton, VA 23666** | **Subcontractor** | **$89,208.00, either on the Effective Date, or to be paid over one year in equal monthly payments, in Debtor's discretion.** |
| **Charis Services, LLC**<br>**8926 Baltimore St # 949**<br>**Savage, MD 20763** | **Subcontractor** | **$0.00** |
| **Comdata, Inc.**<br>**c/o Sean C. Kirk, Esq.**<br>**Senior Counsel – Litigation**<br>**5301 Maryland Way**<br>**Brentwood, TN 37027** | **Fuel Cards** | **$0.00** |
| **Crown Medical Transit**<br>**2204 N Aft Bend**<br>**Saint Johns, FL 32259** | **Subcontractor** | **$0.00** |
| **Department of Veterans Affairs**<br>**24 Frank Lloyd Wright Drive**<br>**Lobby M, Suite M2200**<br>**Ann Arbor, MI 48105** | **Agreement to furnish assisted patient wheelchair-accessible van transportation services for eligible** | **$0.00 to counterparty.**<br><br>**All priority and non-priority retirement account claims will be paid.  See Exhibit C** |

17

| | | |
|---|---|---|
| | beneficiaries of the Battle Creek Veterans Affairs Medical Center.<br><br>Contract No. 36C25020D0023 | |
| **Department of Veterans Affairs Network Contracting Office 6 100 Emancipation Drive Hampton, VA 23667** | **Contract award in response to VA Solicitation No. 36C24620Q0421.** | **$0.00** |
| **Department of Veterans Affairs Network Contracting Office 6 100 Emancipation Drive Hampton, VA 23667** | **Provision of wheelchair vans for beneficiaries for whom such service is specifically authorized by the Durham VA Medical Center, Durham, North Carolina**<br><br>**Contract No. 36C24621D0042** | **$.00 to counterparty.**<br><br>**All priority and non-priority retirement account claims will be paid. See Exhibit C** |
| **Department of Veterans Affairs Network Contracting Office 8 300 E. University Ave.,St. 180 Gainesville, FL 32601** | **Provision of non-emergency, special mode transportation services for beneficiaries in the Southern Region of North Florida/South Georgia Veterans Health System (NF/SG VHS), and its associated healthcare facilities.**<br><br>**Contract No 36C24822P0001** | **$.00 to counterparty.**<br><br>**All priority and non-priority retirement account claims will be paid. See Exhibit C** |
| **Department of Veterans Affairs Network Contracting Office 22 4811 Airport Plaza Dr, Ste 600 Long Beach, CA 90815** | **Provision of shuttle bus services to and from two off-site parking lots for the VA San Diego Healthcare System (VASDHS) in the area designated as D.1 VASDHS Medical Center La Jolla to the medical center located at 3350 La Jolla Village Drive, San Diego, CA 92161.**<br><br>**Contract No. 36C24822P000136C26221C0073** | **$.00 to counterparty.**<br><br>**All priority and non-priority retirement account claims will be paid. See Exhibit C** |
| **Enterprise FM Trust & Enterprise Fleet Management, Inc.** | **Equity Lease Agreement. Debtor asserts this is actually a financing agreement to be treated pursuant to Section** | **Per terms above** |

| | | |
|---|---|---|
| 223 Water Country Parkway<br>Williamsburg, VA 23185 | 4.11 of the Plan.  However, to the extent it is determined to be an executory contract, it is assumed. | |
| The Guardian Life Insurance Company of America | Life Insurance for employees | $13,402.00 |
| Highline Charter, Inc.<br>3413 E St<br>San Diego, CA 92102 | Subcontractor | $0.00 |
| Intuit Quickbooks<br>5601 Headquarters Dr.<br>Plano, TX 75024 | Software | $0.00 |
| Medi-Routes<br>2303 N 44th St.<br>Suite 14-1735<br>Phoenix, AZ 85008 | Subcontractor | $0.00 |
| Microsoft Corporation<br>1 Microsoft Way<br>Redmond, WA 98052 | licenses for<br>Microsoft 365 Business | $0.00 |
| Orange Grove Fleet Solutions LLC<br>3301 W. Moore Street<br>Richmond, VA 23230 | Master Vehicle Lease | Per terms above |
| Paylocity<br>1400 American Lane<br>Schaumburg, IL 60173 | Payroll services | $0.00 |
| Prince Georges County, Maryland | Contract To provide Wheelchair van transportation for Maryland Assistance recipients to and from medical and dialysis facilities on a required basis.<br><br>Contract No. WS402407534 | $0.00 |
| Regus Management Group LLC<br>15305 Dallas Parkway<br>Suite 1400<br>Addison, TX 75001 | Lease for office space at 251 North Rose Street, Suite 200, Kalamazoo MI 49007 | $389.00 |
| Reliable Transportation Inc.<br>850 Beech St Ste 2204<br>Duarte, CA 91010 | Subcontractor | $0.00 |

19

| | | |
|---|---|---|
| **Storage Kings USA**<br>**3437 Western Branch Blvd**<br>**Chesapeake, VA 23321** | **Office Space/ Storage** | **$964.80** |
| **TS 2nd Ave LLC**<br>**3227 SW 42nd Place**<br>**Gainesville, FL 32608** | **Lease for Unit X**<br>**Parkwood Professional**<br>**Plaza, 3601 SW 2nd**<br>**Ave, Gainesville, FL**<br>**32601** | **$750.00** |
| **UnitedHealthcare Insurance**<br>**Company** | **Health Insurance Provider** | **$7,322.85** |
| **Yeung Interests, LLC (claim filed by**<br>**Griffin Associates Realtors)**<br>**c/o Griffin Associates Realtors**<br>**1816 Front St**<br>**Suite 110**<br>**Durham, NC 27705** | **Lease for 2921 Guess**<br>**Road, Durham, NC 27705** | **$2,193.00** |

16119245.2  046569.00015